United States District Court
Southern District of Texas
**ENTERED**
April 15, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HILDA FARIAS ALI, a/k/a<br>HILDA LISABETH FARIAS,<br>SPN # 01977077,<br><br>　　　　*Plaintiff,*<br><br>v.<br><br>KINGWOOD HOSPITAL,<br><br>　　　　*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. H-26-1088 |

## MEMORANDUM OPINION AND ORDER

Plaintiff, who reports she is confined in Harris County Jail (Docket Entry No. 6), filed a *pro se* civil lawsuit against Kingwood Hospital. This lawsuit is one of fourteen civil lawsuits pending in this Court filed by plaintiff over the past month arising from her arrests, detentions, criminal charges, prosecutions, adverse family law proceedings, and actions of her former spouse.

Having considered the complaint, matters of public record, and the applicable law, the Court **DISMISSES** this lawsuit for lack of jurisdiction, as follows.

### I.  BACKGROUND AND CLAIMS

Plaintiff pleads the following factual allegations in her complaint, *verbatim*:

On October 17, 2021 I called police because someone was stabbing a knife on my front door. I asked officer if he could take me and my son [A.A.] to a shelter or church for safety reasons. The officer said he could not and had to go. Me and my son left in car, within 5–7 minutes = four cars began to flash guns at me, driveing very fast and wreckless chasing my car. I was so scared. I crashed into a construction site. The car began to smoke in the engine. I

grabbed my son & we ran screaming for help. Within 15 minutes unknown cars pulled up. Many individuals approached me & my son. My son [A.A.] knew this female's name. They took my son [A.A.] as I was trying to explain everything that occurred. They injected something in me with a needle injection. When I woke up I was strapped to a bed. I was very calm asking where is my son. No one would tell me anything & they continued to inject me for over a week at least 3–4 times daily. After they stopped injecting me I was told I had a court hearing regarding my son that I missed. I was also informed that my brother Froylan Farias had custody over my son. I was very upset because me & my son had no communication with Froylan since March 2020. The staff allowed me to call my son. My son was placed with Froylan unlawfully because my son cried to an African American staff member and other staff from Kingwood Hospital and expressed to them "Please I don't want to go with my Uncle Froylan because he doesn't believe the ghost (his father Shahtaj Ali) & my grandpa Antonio Farias hurt me." The staff also gave my son a urine drug test. I was able to speak to my son on the phone while he was with Froylan and my son said to me "Mommy I'm scared." Then my brother Froylan hung up immediately. Also I would like to express that I told my son not to give anyone his name & I also never gave my name then I found out that my ex-husband Shahtaj Ali was present at Kingwood Hospital signing paperwork regarding my son. Keep in mind during this time Shahtaj was living in Sugar Land, TX which is almost 2 hours apart. Which lets me know he possibly sent those cars to chase us! Shahtaj works for the police & is protected by the police because he became a confidential informant to avoid jail time when he got caught with 30lbs or more of marijuana!

(Docket Entry No. 1.) As her claims against Kingwood Hospital, she lists the following, *verbatim*:

1.    severe child endangerment

2.    misdiagnosis

3.    harmful drug reaction

4.    strapping me on bed when I was calm and not displaying aggressive behavior

5.    overloading strong strong injections repeatedly for over a week

6.    negligence

7.    jeopardize patient care

(Docket Entry No. 1.)[1]

## II.  ANALYSIS

Because federal courts are courts of limited jurisdiction, the Court must examine *sua sponte* the basis for jurisdiction. *Howery v. Allstate Insurance Co.*, 243 F.3d 912, 919 (5th 2001). As grounds for federal subject matter jurisdiction in this instance, plaintiff claims that the Court has jurisdiction because the "U.S. Government is Plaintiff." (Docket Entry No. 1-1.) Plaintiff's assertion provides no basis for jurisdiction, as she, not the federal government, is the plaintiff in this lawsuit.

Plaintiff further fails to establish diversity subject matter jurisdiction under 28 U.S.C. § 1332, which provides for jurisdiction in federal district court in a civil action between citizens of different states where the amount in controversy exceeds $75,000.00. Plaintiff alleges that she is a Texas resident and that Kingwood Hospital is incorporated or has its

---

[1]Plaintiff claims that these incidents occurred on October 17, 2021. However, public online records for the Harris County criminal courts show that, on *December* 17, 2021, plaintiff was arrested for felony child endangerment and evading arrest with a motor vehicle. The criminal complaints stated that she placed her minor son, A.A., in imminent danger by evading arrest in a motor vehicle in speeds in excess of 100 miles per hour with the child in the car and failed to deliver the child to proper authorities. *State v. Ali*, Cause No. 1751610 in the 482nd District Court of Harris County, Texas; *State v. Ali*, Cause No. 1751611 in the 482nd District Court of Harris County, Texas. Plaintiff subsequently pleaded guilty to the charges for evading arrest with a motor vehicle.

principal place of business in Texas. (Docket Entry No. 1-1.) She makes no allegation as to an amount in controversy and seeks no specific judicial relief. Thus, plaintiff does not establish jurisdiction under § 1332.

Moreover, plaintiff does not establish federal question jurisdiction under 28 U.S.C. § 1331. Under § 1331, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff asserts at most claims arising under state law and pleads no factual allegations raising a claim against Kingwood Hospital under the Constitution or laws of the United States.

Consequently, Plaintiff pleads no grounds for federal subject matter jurisdiction in this lawsuit, and the lawsuit must be dismissed for lack of jurisdiction.[2]

### III.  CONCLUSION

For the above reasons, the Court **ORDERS** as follows:

1.  This lawsuit is **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**.

2.  The initial pretrial and scheduling conference set for June 11, 2026, is **CANCELLED**.

3.  Plaintiff's application to proceed *in forma pauperis* (Docket Entry No. 6) is **DENIED**.

---

[2]Even assuming the Court were to have subject matter jurisdiction in this case, plaintiff's claims are barred by limitations. Plaintiff states that the events underlying her claims against Kingwood Hospital occurred in October 2021, and her allegations show that she was aware of the events at the time they took place. Her claims are barred by the applicable two-year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003. *See also Ali v. Pratt*, C.A. No. H-26-1517 (S.D. Tex. Mar. 17, 2026 (dismissing Ali's claims as barred by the two-year statute of limitations).

4.      The Clerk of Court is **DIRECTED** to change the "Nature of Suit" for this lawsuit from "362" to "550," as plaintiff is proceeding *pro se* and alleges under penalty of perjury that she was confined in the Harris County Jail at the time she filed this lawsuit.

Signed at Houston, Texas, on this the 6th day of April, 2026.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE